Case of the day United States v. Harold Lacy, number 15-2740. And we'll hear from Mr. Chamley. May it please the court, counsel. My name is Joe Chamley. I represent Harold Lacy, the appellant in this matter before this court. We are asking this court to strike that portion of the district court's sentencing order, wherein the district court ordered that the federal sentence be served consecutive to any state court sentence that may have been imposed. The facts in this case are rather straightforward. Mr. Lacy was indicted for distribution of heroin. He entered a written plea agreement, which was accepted by the, the plea was taken by the magistrate court, sentence recommended to the district court. The district court accepted that plea of guilty. Mr. Lacy cooperated with the government. A cooperation agreement was entered into with the government. Eventually, of course, it went to sentencing, and Mr. Lacy was sentenced. What was unusual about the facts are that at no time during that process did the issue of consecutive versus concurrent sentences ever come up. Not in the plea agreement, not in the change of plea hearing, not in the cooperation agreement, and not in the government's filed statement at position as to sentencing factors. Only at the last minute did the government half-heartedly, I will suggest, ask that the sentence be consecutive, and almost, if I may suggest, almost apologetically requested by the government. Mr. Lacy objected. Mr. Lacy's counsel even indicated that he was somewhat caught flat-footed by the sudden action of the United States government, considering that the negotiations that had taken place. The first issue I want to address is the issue of the appeal waiver. I could find a First Circuit case from 2014, United States v. Santiago Burgess, which I cite in my briefs, that clearly stands for the proposition and holds that appeal is not waived where there is a written plea agreement, and the issue of consecutive versus concurrent is not addressed in the written plea agreement. We hold that on not binding, we believe that is pretty powerful precedent that this Court should consider. Also, on the issue of the appeal waiver, and we raise this in our briefs, plea agreements are contracts, and we believe that they should be interpreted pursuant to contract law. We believe that there was a mutual mistake of fact, and that neither party contemplated that the plea agreements would have any impact on the federal sentencing. And when in fact... The first discussion of concurrent or consecutive came at the sentencing itself? That is absolutely correct, Your Honor, absolutely correct. And if I may even add, not even at the beginning of the sentencing, almost near, closer to the end, Your Honor, it was our position that the government breached the plea agreement when, in violation of the pre-agreement, it requested the consecutive sentencing and not leaving... How did they breach it? It was never discussed. Because it was contemplated by all parties. How do you know? The record doesn't indicate, but it... Well, there you go. Well, there was no discussion of the issue of consecutive versus concurrent. That's the point. Okay. You can't say they breached it if there was no discussion of it. They didn't take a position. Listen, I understand Santabella fairly well, and I agree with you, but I want to know why you said that they breached the agreement. I think you'd be better off with that mutual mistake of fact. And that is our next argument, Your Honor. Thank you. Our next argument is that there was a mutual mistake of fact in the sense that everyone contemplated... I say the same facts, which you disagree with, and I respect that, Your Honor. I said show me where. The record doesn't support that. I apologize, Your Honor. So we believe that... This is all in the context of the appeal waiver. So we believe that this appeal is right and can be heard by this court. That's my first point. Then we get to the substance of it. We believe, of course, that this court should review de novo the procedural issues and the procedural errors. It is our position that it was error by the district court to order the consecutive sentence when it was largely unknown as to what, if any sentence, the state cases would result in. That sounds a lot like the very sound argument made by the dissent in Setzer, that it's very hard for a judge to make a sound decision about consecutive versus concurrent decisions or sentences when you don't know what the state court is going to do yet. But the Supreme Court said that was permissible. In Setzer, it is clear that the majority ruled that that was permissible, except we believe that... Majority counts, you know. Yes, I can see that, Your Honor. We believe Setzer is distinguishable in the sense that Setzer dealt with a probation revocation and not an issue of a full-blown cases that were still totally undecided in the circuit court of Macon County. We believe Setzer stands for the ultimate proposition that if the district court feels the district court needs to order consecutive sentence, Setzer does give the district court the authority to do that. What we're complaining about is the process and the procedure of how the district court got to that conclusion. When it was never discussed at any time up until in the middle of sentencing and brought by the government at the last moment, and the district court struggles with this. It's clear from the transcript, struggles with the issue of should it be consecutive, should it be concurrent. So we believe that the process is what is so fundamentally flawed. But Mr. Lacey could have addressed the argument at the time. The objection was preserved because he made it at the... Mr. Lacey made the objection at the hearing, but he could have substantively addressed it and made the argument to the district court to say why it shouldn't have been consecutive. Well, quite frankly, and counsel at the trial level admitted, counsel was flat-footed because taken aback by the surprise nature of this issue. That appears all of the other issues had been addressed, and then at the last minute the government said, oh, we would like this to be consecutive as well. And interestingly enough, even words from the Assistant United States Attorney was it was not their policy, presumably not the policy of the U.S. Attorney, to make that request. This was a request that was coming from the Macon County State's Attorney conveyed on. So it's our concern, it's our contention that the court could not have properly factored in the required statutory factors under sections 3553A when it comes to the issue of consecutive versus concurrent. Thank you, Your Honor. For those reasons, we ask that this court strike the order of the district court ordering the sentences to be consecutive. Can I just ask you on that point, though, wouldn't the appropriate remedy, if you were right, be to vacate the entire sentence and have the court reconsider it? That might be an appropriate remedy, Your Honor. We believe that the court didn't even consider those factors, and it was really sentencing on the, its rationale for its sentence was supported the sentence of 168 months, and that only at the last minute did the district court then say the consecutive. Thank you. Mr. Walters for the government. Good afternoon, Your Honors, and may it please the court. Were you the trial lawyer? I was not, Your Honor. Okay. I'm the appellate chief for our district. Good. But I am representing the United States. If I could address first the last question you asked of counsel, Judge Hamilton. Actually, if he's going on the theory of mutual mistake of fact, which was raised for the first time in the reply brief, I would suggest to the court that the appropriate remedy under the restatement of contracts would be to void the plea agreement if there's a mutual mistake of fact. Send it back down. Excuse me, Your Honor? You'd say send it back down, then? I think if there's a mutual mistake of fact that the... Do you think there was a mutual mistake of fact? I do not believe, and I don't believe that there's a basis in the record to find a mutual mistake of fact. Does the record show that the request came from the state's attorney of Macon County? Yes, and I'm not defending the way that that argument was made below because that is not a 3553A factor of what the state... It's called piling on in football, but, I mean, it's... I think the argument could have been made appropriately for what we raised in our brief, that there's absolute disconnect between what occurred in the state case of breaking and entering and committing a battery and assaulting a mother of a child in their home, and then what occurred in this case with the distribution of heroin, and that is the argument the AUSA should have made in asking for that sentence. But the appeal waiver itself contemplates mistakes. Because it says any and all. It says any and all issues. And so I believe Mr. Chamley just admitted that he's backing away from the argument of breach, which was the argument that he made in his opening brief, that this was a breach of contract. And I believe, as Judge Bauer suggested, that because it was silent, that we can't find breach, certainly cannot find breach. You have to find a contract before there's a breach. Excuse me, Your Honor? There has to be an agreement before there's a breach. Right. The parties... There is. I can tell there's no agreement in this case of deception. What gets enforced is limited to what the parties agreed upon. And the Santiago Burgos case, United States against Santiago Burgos, out of the First Circuit, I'd like to point out two things. First, that was not a breach case. That was a scope of waiver argument that was made. Secondly, the waiver language in Santiago Burgos is completely distinguishable from the waiver language in this case. In Santiago Burgos, the defendant hereby agrees that if this honorable court sentences him according to its terms, conditions, and recommendations of the plea agreement, then he waives appeal of the sentence. In our case, it says that he waives any and all issues relating to the sentence. So in Santiago Burgos, because the plea agreement was silent, its terms, conditions, and recommendations concerning consecutive or concurrent, that's why the First Circuit, I believe, vacated. I'd also like to note that the analysis in Santiago Burgos and the case on which it relies is, with respect to the First Circuit, somewhat perfunctory. So I believe when we apply the law of this circuit that a party's rights under a plea agreement are limited to those matters upon which they agree. There was no agreement to the consecutive or concurrent nature of the sentence that the appeal waiver needs to be enforced. And that's without defending, as I said, the way in which we asked for consecutive sentences. I don't believe, again, that that was a 3553A factor or appropriately articulated by the assistant United States attorney. But I think on that basis alone, the appeal needs to be dismissed. There's also, alternatively, I don't believe the judge abused his discretion in imposing that consecutive sentence based on the criminal history of this particular defendant. And they're unhappy with what happened in the state is what they're allotted to. I believe so. Yeah. And I think that they're pursuing that. It's an understandable position. Absent questions from the bench, I would say. I guess I just have one is that I think the record would have supported the district court's imposition of the consecutive sentence. But to my reading, I don't think you offered really any explanation for the basis. I think a basis could have easily been offered, but I don't think the district court offered it. I think the – and I understand because he says here's the basis for the 168-month sentence and then imposes as well at the end the consecutive sentence. Is that what the court states? Yeah, it wouldn't have taken much. He could have said it's conduct completely unrelated to the heroin trafficking charge, so I'm going to leave it to the state court to impose whatever they think is appropriate because it's a separate crime. But he didn't even do that. No, and he didn't, Your Honor. I think, though, that we're somewhat getting into a 5G 1.3 argument there under the guidelines of when consecutive versus concurrent should be imposed. The problem with 5G 1.3, though, is that it does not apply to this case, nor does 3584. So I think the way to affirm on abuse of discretion would be looking at the court's comments as a whole, similar to what this court is now doing with respect to supervised release, that it's not necessary that there's a finding for every single thing that happens, but we'd look at the court's statements as a whole. Could the record be better? Absolutely. I don't disagree with that. And it could be much clearer for a reviewing court to say, yes, he definitely took this into account in imposing the concurrent or consecutive, but then our fallback position certainly would be back to the appeal waiver for that reason. Mr. Walters, I guess I don't know that the Supreme Court actually addressed this in Setzer, but I understood them to have said that the court has the statutory authority to make this determination before the state court has ruled. What I don't understand is how a district judge can sensibly apply the 3553A sentencing factors to that question without knowing what the state court's decision is. And Setzer, the majority, brought that up, that as a matter of fact, they brought up some conflicting policy language. On the one hand, they say as a matter of good policy, the second judge in order should be the one to make that determination. In a paragraph right before that, Judge Hamilton, the court said that as a matter of respecting a state's sovereignty, the district court that imposes the first sentence should convey whether they expect it to be consecutive or concurrent. So it's not then left to a Department of Justice component, being the Bureau of Prisons under Section 3621 of Title 18, to make that determination potentially 20 years later after the state sentence has been determined when they write a letter to the district court saying, what was your intent? And I've handled enough 2241s in my time to know that that's a complicated process. And I think it's almost better for a district judge to speak up ahead of time, as opposed to leaving it to some case manager or whomever within the Bureau of Prisons. And certainly, Judge Peterson, it could have been done better in this case. But I don't think it's inappropriate. And certainly, under Setzer, we're looking at the time that this decision was made and not whether it was made more difficult by the state court had it said, well, we want concurrent sentences. So for the reasons given in our brief in an argument today, we're asking first that the appeal be dismissed but otherwise affirmed. If there are no further questions, thank you, Your Honors. Thank you, Mr. Walters. Anything further? Mr. Shanley. Yeah, I believe you have a minute. Thank you, Your Honors. Again, this court should review Dewey-Novo for the procedural errors. And as has already been discussed. Also, it's worth noting that the substantive error is that the statutory maximum for this sentence is 30 years. And initially, the court, the district court, initially the district court intended to and did impose a sentence of 168 months. And then when the issue of the consecutive versus concurrent came up, then the court did impose consecutive to not knowing what the Macon County Circuit Court would do. You know, rebuttal is supposed to be used to rebut something he said. You haven't done that at all. I guess I apologize, Your Honor. I was trying to get to my point, if I may. And that is that, in essence, the court committed substantive due error in that the when you add the sentence of the state court and the sentence of the district court, it's 408 months, which is well beyond the 30-year maximum. Unless there are any other questions, thank you, Your Honor. Thank you, counsel. The case is taken under advisement.